UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD LEE JONES, JR., | No. 2:24-cv-0386 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se, currently housed at Atascadero State Hospital. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. On March 18, 2024, plaintiff provided his inmate trust account statement. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments

1

1   of twenty percent of the preceding month's income credited to plaintiff's trust account.  These
2   payments will be forwarded by the appropriate agency to the Clerk of the Court each time the
3   amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.
4   § 1915(b)(2).

5   As discussed below, plaintiff's complaint is dismissed with leave to amend.

6   Screening Standards

7   The court is required to screen complaints brought by prisoners seeking relief against a
8   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
9   court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally
10  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
11  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

12  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
13  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
14  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
15  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
16  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
17  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
18  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
19  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
20  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
21  1227.

22  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
23  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
24  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
25  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
26  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
27  formulaic recitation of the elements of a cause of action;" it must contain factual allegations
28  sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

1   However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the
2   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.
3   Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal
4   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as
5   true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the
6   pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236
7   (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

8   The Civil Rights Act

9       To state a claim under § 1983, a plaintiff must demonstrate:  (1) the violation of a federal
10  constitutional or statutory right; and (2) that the violation was committed by a person acting under
11  the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d
12  930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the
13  facts establish the defendant's personal involvement in the constitutional deprivation or a causal
14  connection between the defendant's wrongful conduct and the alleged constitutional deprivation.
15  See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44
16  (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable
17  for the unconstitutional conduct of his or her subordinates.  Ashcroft v. Iqbal, 556 U.S. 662, 679
18  (2009).  The requisite causal connection between a supervisor's wrongful conduct and the
19  violation of the prisoner's constitutional rights can be established in a number of ways, including
20  by demonstrating that a supervisor's own culpable action or inaction in the training, supervision,
21  or control of his subordinates was a cause of plaintiff's injury.  Starr v. Baca, 652 F.3d 1202,
22  1208 (9th Cir. 2011).

23  Plaintiff's Complaint

24      As defendants, plaintiff names the Department of Corrections (in the caption), the
25  Director and Secretary of the Department of Corrections, Warden Jones, and Correctional
26  Officers J. Moreno and Welch.  In his first claim, plaintiff alleges that in his legal book, Officer
27  Alvarez wrote down details about plaintiff's legal mail addressed to the federal court in Los
28  Angeles. Then Alvarez threw away plaintiff's mail to the Los Angeles federal courthouse and told

plaintiff that Alvarez would be plaintiff's witness.  Plaintiff also claims that he did not receive any mail.  "Sent out multiple times, and these are the dates:  11/27/2023 - At - 10:00 a.m. / Through Officer J. Moreno w/12/3/2023 - at 7:45 p.m.  Officer Welch (At [plaintiff's] door he put it in the legal - book.")  (ECF No. 1 at 3.)

In his second claim, plaintiff alleges that he was transported to a hospital in Missouri where he was told he had holes in his stomach and testicles.  However, at the Stockton Medical Facility "they" reported plaintiff had no holes in his stomach area.  (ECF No. 1 at 4.)  He then claims all medical and nursing staff violated HIPPAA and covered it up.  Plaintiff claims his "brain is going dead" due to the lack of medical attention.  He then adds that his mail is always being thrown away.

Plaintiff did not identify an injury for either claim.  He seeks money damages and proper medical assistance in "receiving a colostomy bag."  (ECF No. 1 at 5.)

Discussion

California Department of Corrections

In his complaint plaintiff named the Department of Corrections as one of the defendants.  The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit.  See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978)( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982).  In the instant case, the State of California has not consented to suit.  Accordingly, plaintiff's claims against [name] are frivolous and must be dismissed.

No Supervisory Liability

Plaintiff names the Secretary of CDCR and the Warden of the California Health Care Facility in Stockton.  However, plaintiff includes no specific facts as to either the secretary or the warden demonstrating their personal involvement with the interference with plaintiff's mail or his medical care.  In his first claim concerning legal mail, plaintiff includes one sentence referencing the warden:  "They said the Warden didn't ever send it out; because they [were] focused on getting benefits and not giving me the proper medical attention."  (ECF No. 1 at 3.) It is unclear

who "they" are, and unclear what "it" is that the warden did not send out. But there is no allegation that the warden was present while plaintiff's mail was being thrown out or was even aware of a problem with plaintiff's mail or with his need for medical care. Plaintiff's allegation as to the warden is too vague to determine whether plaintiff can state a cognizable claim, but plaintiff is granted leave to amend should he be able to set forth facts as to the warden's personal involvement.

### Access to the Courts

In his first claim, plaintiff marks "access to courts." (ECF No. 1 at 3.)

Inmates have a fundamental right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011) ("We have recognized that prisoners' First and Fourteenth Amendment rights to access the courts without undue interference extend beyond the pleading stages"), overruled on other grounds as stated by Richey v. Dahne, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15 (2002). A plaintiff must show that he suffered an "actual injury" by being shut out of court. Lewis, 518 U.S. at 350-51. An "actual injury" is one that hinders the plaintiff's ability to pursue a legal claim. Id. at 351.

A plaintiff must identify the underlying lawsuit that forms the basis of the claim with sufficient detail so that the court can determine whether it was a non-frivolous, arguable claim. Christopher v. Harbury, 536 U.S. at 415 ("It follows that the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation.") A plaintiff must further identify the acts that frustrated his claim, and how his claim was frustrated, as well as identify the remedy sought.

////

////

Here, plaintiff fails to identify a specific lawsuit and does not demonstrate that he suffered an actual injury to such lawsuit. Thus, plaintiff fails to state a cognizable access to the courts claim.

### Plaintiff's Mail Claims

In his first claim, plaintiff also alleges violations of the Fourth and Eighth Amendments. (ECF No. 1 at 3.) However, none of his facts support a claim under either of those amendments. Rather, plaintiff's mail claims are governed by the First Amendment, as discussed below.

#### Outgoing Mail

Prisoners have a First Amendment right to send and receive mail. See Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam). Prison officials may intercept and censor outgoing mail concerning escape plans, proposed criminal activity, or encoded messages. See Procunier v. Martinez, 416 U.S. 396, 413 (1974); see also Witherow, 52 F.3d at 266. Based on security concerns, officials may also prohibit correspondence between inmates. See Turner v. Safley, 482 U.S. 78, 93 (1987). Prison officials may not, however, review outgoing legal mail for legal sufficiency before sending them to the court. See Ex Parte Hull, 312 U.S. 546, 549 (1941). Incoming mail from the courts, as opposed to mail from the prisoner's attorney, for example, is not considered "legal mail." See Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998).

It is unclear whether plaintiff can state a cognizable claim based on his allegation that his outgoing mail to the court was thrown away. Isolated incidents of mail interference without any evidence of improper motive or resulting interference with the right to counsel or access to the courts do not give rise to a constitutional violation. Henderson v. Peterson, 2008 WL 4544339, *7-8 (N.D. Cal. Sept. 30, 2008) (citing, inter alia, see also Crofton v. Roe, 170 F.3d 957, 961 (9th Cir.1999) (temporary delay or isolated incident of delay in mail processing does not violate prisoner's First Amendment rights). In order to state a First Amendment claim of mail interference under § 1983, plaintiff must allege specific facts showing that a defendant's actions of throwing plaintiff's mail in the trash amounted to more than an isolated incident of mail interference.

6

Further, plaintiff's allegations are not clear as to each named defendant. First, plaintiff alleges that Officer Alexander threw out plaintiff's legal mail, but plaintiff did not name Alexander as a defendant. Second, plaintiff alleges that defendant Welch wrote up plaintiff's mail in the book, but there is no allegation that Welch threw the mail out. Third, plaintiff names defendant Moreno in the midst of cited dates and times, but there's no specific allegation stating what Moreno did or did not do. Fourth, in his second, unrelated medical claim, plaintiff notes that all his mail is thrown away. But plaintiff must set forth specific allegations as to each defendant plaintiff claims threw out his mail.

### Incoming Mail

Finally, plaintiff makes a conclusory statement that he did not receive any mail. But he does not indicate whether he was expecting incoming mail and includes no facts demonstrating that a particular defendant interfered with plaintiff's incoming mail. See Lopez v. Jaquez, 2012 WL 2930774, at *2 (N.D. Cal. July 18, 2012) ("Although intentional interference with the processing of inmate mail may state a claim under § 1983, the alleged isolated instances of possible interference here are insufficient to state a claim for which relief may be granted."); Musquez v. Sepulveda, 2008 WL 2811503, at *1 (N.D. Cal. July 17, 2008) ("Although unfortunate, these few instances of lost mail do not amount to more than isolated incidents insufficient to state a First Amendment claim of mail interference."). Plaintiff's claim is too vague and conclusory to determine whether plaintiff can state a cognizable claim concerning his incoming mail.

Plaintiff's first claim is dismissed with leave to amend.

### Medical Care

#### Violation of Privacy Act and HIPAA Laws and Directives

Plaintiff claims that all medical and nursing staff violated the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). HIPAA, however, does not provide any private right of action. U.S. v. Streich, 560 F.3d 926 (9th Cir. 2009); Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1081 (9th Cir.2007) ("HIPAA itself provides no right of action."). Accordingly, plaintiff's HIPAA claim is barred.

7

        Eighth Amendment

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the treatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  Deliberate indifference may be shown by the denial, delay, or intentional interference with medical treatment or by the way in which medical care is provided. Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). The two-part test for deliberate indifference requires plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.  A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004).  A mere " 'difference of medical opinion' as to the need to pursue one course of treatment over another [is] insufficient, as a matter of law, to establish deliberate indifference." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996), overruled in part on other grounds by Peralta v. Dillard, 744 F.3d 1076 (9th Cir. 2014) (en banc). A plaintiff must show that the treatment "was medically unacceptable under the circumstances" and was chosen "in conscious disregard of an excessive risk" to the plaintiff's health. Hamby v. Hammond, 821 F.3d 1085, 1092 (9th Cir. 2016).

        Negligence allegations are insufficient. Deliberate indifference "requires more than ordinary lack of due care." Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting Farmer, 511 U.S. at 835).  The indifference to the prisoner's medical needs must be substantial -- negligence, inadvertence, or differences in medical judgment or opinion do not rise to the level of a constitutional violation. Toguchi, 391 F.3d at 1060 (negligence constituting medical malpractice is not sufficient to establish an Eighth Amendment violation).

        First, plaintiff fails to identify a named defendant and set forth what he or she did or did not do and no facts showing that a defendant acted with a culpable state of mind. Second,

plaintiff's allegations are too vague and conclusory for the undersigned to determine whether plaintiff can state a viable Eighth Amendment claim. Plaintiff has not clearly identified a specific serous medical need. As relief, plaintiff requests "proper medical - assistance within receiving a colostomy bag" (ECF No. 1 at 5), but it is unclear whether plaintiff has a colostomy bag and needs assistance with it, or whether he is seeking a colostomy bag. Finally, as explained in more detail below, plaintiff's medical claim is wholly unrelated to plaintiff's mail claim. And there is no indication that the correctional officers who dealt with plaintiff's mail were involved in plaintiff's medical care. Plaintiff's second claim is dismissed with leave to amend.

Related Claims and Joinder

The Rules permit a complaint to include all related claims against a party and permit joinder of all defendants alleged to be liable for the "same transaction, occurrence, or series of transactions or occurrences" where "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 18(a) and 20(a)(2). But the Rules do not permit combining unrelated claims against unrelated defendants in a single lawsuit. Unrelated claims must be filed in separate lawsuits. Barth v. Muniz, 2019 WL 2327874, at *1 (N.D. Cal. May 31, 2019) (dismissed because complaint "contains unrelated claims, many of which lack any specific factual support."), aff'd, 834 F. App'x 376 (9th Cir. 2021); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against unrelated defendants belong in different suits").

Leave to Amend

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court determines that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which each defendant engaged in that support plaintiff's claim. Id. Because plaintiff failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague, and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims.[1] See Fed. R. Civ. P. 20(a)(2). Plaintiff must choose one claim to pursue in this action and then pursue the other claim in a different action.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

////

////

---

[1] As discussed above, a plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. Also, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. See George, 507 F.3d at 607.

Motion for Counsel

Plaintiff also requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for leave to proceed in forma pauperis (ECF Nos. 8 & 10) are granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Department of Mental Health filed concurrently herewith.

3. Plaintiff's complaint (ECF No. 1) is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

     5.  Plaintiff's motion for the appointment of counsel (ECF No. 5) is denied without prejudice.

Dated:  March 24, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

/jone0386.14n

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD LEE JONES, JR.,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF CORRECTIONS, et al.,<br><br>Defendants. | No. 2:24-cv-0386 KJM KJN P<br><br>NOTICE OF AMENDMENT |

Plaintiff submits the following document in compliance with the court's order filed_____.

_____        Amended Complaint

DATED:

_____
Plaintiff